```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

| | |
|---|---|
| **TRAVIS DEWAYNE GRIGGS,** * | |
| **# 212909,** * | |
| * | |
|     Petitioner, * | |
| * | |
| vs. * | CIVIL ACTION NO. 21-00077-JB-B |
| * | |
| **KAREN WILLIAMS,**[1] * | |
| * | |
|     Respondent. * | |

## REPORT AND RECOMMENDATION

Travis Dewayne Griggs ("Griggs"), an Alabama state prisoner in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1). The petition has been referred to the undersigned Magistrate Judge for consideration and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8(b) of the Rules Governing Section 2254 Cases. The undersigned has conducted

---

[1] The Court takes judicial notice that Petitioner Griggs is currently incarcerated at Ventress Correctional Facility, where Karen Williams is the Warden. See Rules Governing § 2254 Cases, R. 2(a) ("If the petitioner is currently in custody under a state-court judgment, the petitioner must name as respondent the state officer who has custody."). Accordingly, the Clerk of Court is **DIRECTED** to substitute Karen Williams as the Respondent in this case pursuant to Federal Rule of Civil Procedure 25(d), and to update Petitioner Griggs' address on file to: Ventress Correctional Facility, P.O. Box 767, Clayton, AL 36016-0767.

1

a careful review of the record and finds that no evidentiary hearing is required to resolve this matter.[2]

Having carefully considered Petitioner Griggs' petition and Respondent's answer and exhibits, the undersigned recommends that Petitioner Griggs' habeas petition be **DISMISSED with prejudice** as time-barred pursuant to 28 U.S.C. § 2244(d)(1), and that judgment be entered in favor of Respondent and against Petitioner Griggs. The undersigned further recommends, in the event Petitioner Griggs requests a certificate of appealability and seeks to appeal *in forma pauperis*, that said requests be denied.

## I. BACKGROUND

This matter arises from the fatal shooting of Deandre Williams at a gas station in Prichard, Alabama in April 2011. On March 9, 2012, a grand jury in Mobile County, Alabama indicted Griggs for Williams' murder. (Doc. 10-1 at 8; Doc. 10-2 at 6). The case was tried before a jury, which found Griggs guilty of murder on October 3, 2012. (Id.). On November 29, 2012, the court sentenced Griggs

---

[2] Because Petitioner Griggs filed his federal habeas petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The "AEDPA expressly limits the extent to which hearings are permissible, not merely the extent to which they are required." Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1337 (11th Cir. 2004). Griggs has failed to establish that an evidentiary hearing is warranted in this case. See Birt v. Montgomery, 725 F.2d 587, 591 (11th Cir. 1984) (en banc) ("The burden is on the petitioner in a habeas corpus proceeding to establish the need for an evidentiary hearing.").

2

to life in prison as a habitual felony offender.  (Doc. 10-2 at 6-7; Doc. 10-3 at 1).

Griggs appealed his conviction and sentence to the Alabama Court of Criminal Appeals.  (See Docs. 10-1, 10-2, 10-3).  On direct appeal, Griggs, through his appellate counsel, argued that (1) the circuit court erred by denying a mistrial after the State allegedly violated Brady v. Maryland, 373 U.S. 83 (1963), by failing to timely disclose the transcript of eyewitness Dessie Fields' statement to law enforcement officers; (2) the State's failure to provide defense counsel with a copy of the transcript of Fields' statement prior to trial violated his Sixth Amendment fair trial and confrontation rights because counsel could not adequately prepare Griggs' defense or cross-examine Fields without the transcript; and (3) the circuit court erred by denying his motion to suppress Fields' identification of him because the photograph of Griggs used in the lineup had been previously disseminated to the public.  (Doc. 10-1).  On May 24, 2013, the Alabama Court of Criminal Appeals issued an unpublished memorandum opinion affirming Griggs' conviction and sentence.  (Doc. 10-3).  Griggs did not petition the Supreme Court of Alabama for a writ of certiorari, and the Alabama Court of Criminal Appeals issued a certificate of judgment on June 12, 2013.  (Doc. 10-4).

Thereafter, Griggs filed a Rule 32 petition for post-conviction relief in the Circuit Court of Mobile County, which was

3

deemed filed on January 14, 2014. (Doc. 10-5 at 1-2). The circuit court granted Griggs leave to amend his Rule 32 petition shortly thereafter. (Id. at 2). In his amended petition, Griggs asserted the following ineffective assistance of counsel claims:

> 1) his trial counsel failed to properly investigate the charges against him, which would have enabled counsel to enter a plea of not guilty and not guilty by reason of mental disease or defect;
>
> 2) his trial counsel failed to object and move to suppress Sergeant Victor Myles's in-court identification of Griggs;
>
> 3) his trial counsel failed to request a mistrial when the prosecution improperly vouched for the credibility of its key witness;
>
> 4) his trial counsel failed to move for a mistrial based on the prosecutor's comment on the fact that Griggs failed to testify at trial;
>
> 5) his trial counsel failed to move for a mistrial based on the State's suppression of exculpatory evidence, i.e., the transcript of an interview with Dessie Fields, in violation of Brady v. Maryland, 373 U.S. 83 (1963); and
>
> 6) his appellate counsel failed to cite legal authority in his brief on direct appeal to support his claim that Dessie Fields's pre-trial identification should have been suppressed.

(Id. at 2-3).

After the State filed a motion to dismiss in March 2014, the circuit court appointed counsel to represent Griggs in the Rule 32 proceedings. (Id. at 3). On December 14, 2015, the circuit court[3]

---

[3] Circuit Court Judge John R. Lockett presided over the evidentiary hearing on December 14, 2015. (Doc. 10-5 at 3).

4

held an evidentiary hearing, during which Griggs' Rule 32 counsel presented arguments in support of his ineffective assistance of counsel claims. (Id.). At the conclusion of the hearing, the court deferred ruling on the petition and allowed both parties to file briefs on the issues. (Id.).

On December 12, 2016, Griggs filed a *pro se* supplemental petition alleging that there was newly discovered evidence that Fields had recanted her trial testimony identifying Griggs as the shooter and now admitted that the prosecution was aware that she testified falsely when she identified Griggs as the shooter. (Id. at 3-4).[4] On July 20, 2017, the circuit court[5] held a second evidentiary hearing on Griggs' supplemental Rule 32 petition. (Id. at 4). At the hearing, the court took testimony from Fields, Fields' mother, the prosecuting attorney at Griggs' trial, and Griggs himself.[6] (Id. at 4-5). On February 1, 2018, Judge Lockett

---

[4] Griggs attached two affidavits from Fields and an affidavit from Fields' mother to his supplemental petition. (Doc. 10-5 at 4).

[5] Circuit Court Judge Roderick P. Stout, the same judge who presided over Griggs' trial and sentencing, presided over the second evidentiary hearing on July 20, 2017. (Doc. 10-5 at 4).

[6] The Alabama Court of Criminal Appeals described their testimony as follows:

> At the hearing, Dessie Fields testified that, although she testified at Grigg's trial that Griggs was the shooter, she did not actually see who shot the victim. She claimed that she testified that Griggs was the shooter because there was a rumor that Griggs was the shooter; however, she maintained that she did not

5

actually see Griggs shoot the victim. Fields testified that she identified Griggs in the photographic line-up because the officers kept indicating to her that Griggs was the one who shot the victim, and that she felt pressured to identify Griggs as the shooter. When questioned by the Court regarding the alleged pressure she was under, Fields stated that the police told her she would have to go to jail if she did not say that Griggs was the shooter.

Pamela Fields Smith, Fields's mother, testified that Fields had driven the victim to the hospital in her car on the night of the incident. According to Smith, the police told Fields that the only way that Fields was going to get paid to fix the damage to her vehicle caused by the bullets that struck her vehicle during the incident was for Fields to testify against Griggs. Smith indicated that her daughter told her that the police pressured her to identify Griggs as the shooter.

Patrick Doggett, the prosecuting attorney for the State during Griggs's trial, testified that during his preparations for trial, he initially met with Fields. Doggett claimed that Fields did not want to testify because she was fearful; however, she "never wavered" in her statement that she had seen Griggs shoot the victim. (R. 40.) Doggett claimed that, contrary to Fields's testimony at the evidentiary hearing, Fields never told him or anyone else at the district attorney's office that she had felt pressured to identify Griggs as the shooter.

Griggs testified in his own behalf. He explained that, while he was in prison, he became Facebook friends with Tralisa Lane. He saw that Lane was Facebook friends with Fields. He sent a message to Lane and requested that Lane ask Fields why Fields lied and testified against him. According to Griggs, Lane informed him that Smith said she did not approve of Fields testifying in court and that Fields was now "saying something completely different." (R. 73.) Griggs asked Lane if Fields would tell the truth now, and Lane indicated that Fields had agreed to tell the truth now. Griggs gave Lane his Rule 32 counsel's contact information and Griggs's "jailhouse attorney" prepared the affidavits for Fields and Smith. (R. 72.) Fields and Smith met

6

issued an order addressing and denying Griggs relief on the ineffective assistance of counsel claims raised in his first amended petition and at the first evidentiary hearing. (Id. at 5-6). On April 26, 2018, Judge Stout entered an order addressing and denying the newly discovered evidence claim asserted in Griggs' supplemental petition. (Id. at 6).

Griggs appealed the circuit court's orders denying the claims asserted in his amended and supplemental Rule 32 petitions.[7] (Id.). On May 17, 2019, the Alabama Court of Criminal Appeals issued an unpublished memorandum opinion affirming the circuit court's denial of the claims asserted in Griggs' Rule 32 proceeding. (Doc. 10-5). Griggs filed an application for rehearing, which the Alabama Court of Criminal Appeals overruled on June 14, 2019. (Doc. 10-6). The Supreme Court of Alabama denied Griggs' petition for writ of certiorari, and the Supreme Court of Alabama and the Alabama Court of Criminal Appeals issued certificates of judgment on August 9, 2019. (Doc. 10-7).

---

      with Griggs's Rule 32 counsel and executed the affidavits, as well as an affidavit prepared by Grigg's Rule 32 counsel.

(Doc. 10-5 at 4-5).

[7] On appeal, Griggs did not pursue his claim that "his trial counsel failed to properly investigate the charges against him, which would have enabled counsel to enter a plea of not guilty or not guilty by reason of mental disease or defect" (see Doc. 10-5 at 2, 6), and he does not raise that claim in the instant habeas petition. (See Doc. 1).

On January 23, 2021,[8] Griggs filed the instant petition seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1). In ground one of the instant petition, Griggs asserts that the State violated Brady and denied him due process and a fair trial by intentionally failing to disclose the transcript of Fields' statement to law enforcement officers prior to his trial. (Id. at 15-16). In grounds two through six, Griggs reiterates the ineffective assistance of counsel claims raised as claims two through six of his amended Rule 32 petition. (Id. at 16-24; see Doc. 10-5 at 2-3). In ground seven, Griggs alleges that newly discovered evidence, namely Fields' recantation of her trial testimony and assertion that the prosecution was aware that she testified falsely when she identified Griggs as the shooter, requires a new trial. (Doc. 1 at 24-25).

Respondent contends that Griggs' habeas petition is time-barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d). (Doc. 10 at 3-5). Respondent also asserts that the state court's decision on Griggs' claim concerning recanted witness testimony was not contrary to and did not involve an

---

[8] Under the mailbox rule, a prisoner's *pro se* federal habeas petition is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam). Absent evidence to the contrary, that date is assumed to be the date the prisoner signed the motion. Id. Griggs' petition states that it was executed and delivered to prison officials for mailing on January 23, 2021. (See Doc. 1 at 14, 25).

8

unreasonable application of clearly established Federal law and was not based on an unreasonable factual determination. (Id. at 5-6). Griggs' habeas petition is now ripe for consideration.

## II. STANDARD OF REVIEW

The Court's review of Griggs' petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, "the role of the federal courts is strictly limited." Jones v. Walker, 496 F.3d 1216, 1226 (11th Cir. 2007). Specifically, 28 U.S.C. § 2254 provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254.

Thus, a federal court may grant habeas relief only if the state court arrives at a conclusion contrary to that reached by

9

the United States Supreme Court on a question of law or decides a case differently from the way the United States Supreme Court did on a set of materially indistinguishable facts, or if the state court's decision involves an unreasonable factual determination. Williams v. Taylor, 529 U.S. 362, 405 (2000); Price v. Vincent, 538 U.S. 634, 638-41 (2003) (noting that a federal habeas court will disturb a state court's decision on the merits only if the petitioner shows that the decision was contrary to, or involved an unreasonable application of, clearly established constitutional law as determined by the Supreme Court, or if the decision rested upon an unreasonable factual determination).

"[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011). In other words, "if some fairminded jurists could agree with the state court's decision, although others might disagree, federal habeas relief must be denied. . . . [T]he deference due is heavy and purposely presents a daunting hurdle for a habeas petitioner to clear." Loggins v. Thomas, 654 F.3d 1204, 1220 (11th Cir. 2011); see also Greene v. Fisher, 565 U.S. 34, 38 (2011) (noting that the AEDPA standard is purposely onerous because "federal habeas relief functions as a guard against extreme malfunctions in

the state criminal justice systems, and not as a means of error correction") (quotation omitted); Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (noting that the AEDPA standard "is a difficult to meet . . . and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt") (quotations omitted).

Accordingly, in evaluating Griggs' § 2254 petition, the Court takes care to abide by the stricture that "[a] federal court may not grant habeas relief on a claim a state court has rejected on the merits simply because the state court held a view different from its own." Hill v. Humphrey, 662 F.3d 1335, 1355 (11th Cir. 2011); see also Reese v. Sec'y, Fla. Dep't of Corr., 675 F.3d 1277, 1286 (11th Cir. 2012) ("This inquiry is different from determining whether we would decide *de novo* that the petitioner's claim had merit."). Having established the proper standard of review, the Court will proceed to examine the timeliness of Griggs' claims.

### III.  ANALYSIS

#### A.  Timeliness

Pursuant to 28 U.S.C. § 2244(d)(1), a state prisoner seeking a federal habeas corpus remedy must file his habeas corpus petition within a one-year period of limitation. The statute provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Where a petitioner asserts multiple claims with different dates triggering the statute of limitations under § 2244(d)(1), the applicable trigger date is determined on a claim-by-claim basis. Zack v. Tucker, 704 F.3d 917, 926 (11th Cir. 2013) (en banc).

As an initial matter, there is no allegation or information suggesting that the triggering dates provided in subsections (B) through (D) of § 2244(d)(1) apply to any of Griggs' claims in grounds one through six of the instant petition. Thus, the one-year limitation period for those claims commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See 28 U.S.C. § 2244(d)(1)(A).

12

As noted *supra*, the Alabama Court of Criminal Appeals affirmed Griggs' conviction and sentence on direct appeal on May 24, 2013. (Doc. 10-3). Griggs did not petition the Supreme Court of Alabama for certiorari review, and his conviction became final for purposes of § 2244(d)(1)(A) on June 12, 2013, when the Alabama Court of Criminal Appeals issued a certificate of judgment. See Anthony v. Gordy, 2017 U.S. Dist. LEXIS 27714, at *5-6, 2017 WL 769956, at *3 (N.D. Ala. Feb. 28, 2017) ("Where a defendant appeals his conviction to the Alabama Court of Criminal Appeals but does not seek certiorari review in the Alabama Supreme Court, his conviction becomes 'final' for purposes of § 2244(d)(1)(A) no later than the date on which the Alabama Court of Criminal Appeals issues its certificate of judgment."); Brown v. Hooks, 176 F. App'x 949, 951 (11th Cir. 2006) (per curiam); see also Pugh v. Smith, 465 F.3d 1295, 1299-1300 (11th Cir. 2006). Thus, in the absence of a tolling event, Griggs had one year from June 12, 2013 within which to file his federal habeas petition.

Once the federal statute of limitations is triggered and begins to run, it can be tolled in two ways: through statutory tolling or equitable tolling. Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam). Statutory tolling is codified at 28 U.S.C. § 2244(d)(2), which tolls the one-year limitation period during the pendency of "a properly filed application for State post-conviction or other collateral review" of the

13

underlying judgment.  See 28 U.S.C. § 2244(d)(2).[9]  As noted, Griggs' one-year period of limitation began to run on June 12, 2013 and ran until January 14, 2014, when his Rule 32 petition was deemed filed.[10]  (See Doc. 10-5 at 2).  By then, 216 days of the limitation period had elapsed.  The pendency of Griggs' Rule 32 proceeding tolled the statute of limitations until the certificates of judgment in that proceeding were issued on August 9, 2019.  (See Doc. 10-7).  Griggs did not file his federal habeas petition until January 23, 2021, more than 500 days after his Rule 32 proceeding became final.  Thus, Griggs' Brady claim in ground one, and his ineffective assistance of counsel claims in grounds two through six, are plainly untimely under § 2244(d)(1)(A).

Under 28 U.S.C. § 2244(d)(1)(D), the one-year limitation period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  Even assuming *arguendo* that § 2244(d)(1)(D) provides the trigger date for Griggs' newly discovered evidence claim in ground seven, the

---

[9] The pendency of a properly filed state post-conviction application "only *pauses* § 2244(d)(1)'s one-year clock; it does not *reset* it." Roby v. Mitchem, 2012 U.S. Dist. LEXIS 67121, at *8, 2012 WL 1745529, at *3 (N.D. Ala. May 1, 2012) (emphasis in original).

[10] Respondent concedes that Griggs' Rule 32 petition was a properly filed application for post-conviction relief for statutory tolling purposes.  (See Doc. 10 at 4).

14

record reflects that Griggs was aware of the factual predicate of this claim by July 20, 2017, at the very latest, when Fields and her mother testified at the evidentiary hearing on Griggs' supplemental Rule 32 petition. Although the limitation period was tolled during the pendency of Griggs' Rule 32 proceeding, that proceeding ended on August 9, 2019, and Griggs did not file the instant petition until more than 500 days later. Thus, Griggs' newly discovered evidence claim in ground seven is likewise untimely under § 2244(d)(1)(D), and Griggs' federal habeas petition is time-barred unless he can demonstrate that he is entitled to equitable tolling or another exception to the time bar.

B.   **Equitable Tolling**

Equitable tolling is available only where a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (citation omitted). "Equitable tolling is an extraordinary remedy, which is typically applied sparingly." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000).

Griggs has not raised an equitable tolling argument[11] and has failed to establish any basis for equitable tolling of the

---

[11] Griggs wrote "N/A" in the section of the habeas petition form that directs a petitioner whose judgment of conviction became final

15

statutory limitation period. Specifically, Griggs has neither alleged nor demonstrated that extraordinary circumstances beyond his control prevented him from filing a timely habeas petition with this Court. Griggs has also failed to allege or show that he exercised reasonable diligence in pursuing his rights. Accordingly, Griggs has failed to demonstrate that he qualifies for equitable tolling.

### C. Actual Innocence

In addition, a habeas petitioner's actual innocence, if proved, may serve as a gateway to consideration of constitutional claims otherwise time-barred under § 2244(d)(1)'s one-year limitation period. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). To successfully assert actual innocence as a gateway to review of time-barred claims, a habeas petitioner is required "(1) to present new reliable evidence . . . that was not presented at trial, and (2) to show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (per curiam) (internal quotation marks and citations omitted). The actual innocence gateway requires a petitioner to show "factual innocence, not mere

---

more than one year earlier to explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar his petition, despite the fact that Griggs' judgment of conviction became final in 2013. (See Doc. 1 at 13).

16

legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

Griggs' petition makes no allegation, much less a credible showing, of actual innocence. Therefore, the actual innocence exception does not permit consideration of Griggs' time-barred claims.

In sum, Griggs' habeas petition is untimely filed, and he has failed to allege or demonstrate his entitlement to equitable tolling or that is he actually innocent of the crime for which he was convicted. Accordingly, the undersigned recommends that the instant habeas petition be dismissed as time-barred pursuant to § 2244(d)(1), and that judgment be entered in favor of Respondent.[12]

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, R. 11(a). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1). A certificate of appealability may

---

[12] Because the Court finds that Griggs' petition is time-barred, it is not necessary to reach any other arguments raised by the Respondent.

issue only where "the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).

Where, as here, a habeas petition is dismissed on procedural grounds without reaching the merits of any underlying constitutional claim, a certificate of appealability "should issue [only] when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

After reviewing the issues presented in light of the applicable standards, the undersigned submits that reasonable jurists would not conclude that this Court is in error in dismissing the instant petition as time-barred, or that Griggs should be allowed to proceed further. See id. ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further"). As a result, the undersigned submits that Griggs is not entitled to a certificate of appealability and should not be permitted to proceed *in forma pauperis* on appeal.

**V.    CONCLUSION**

For the reasons set forth above, the undersigned recommends that Griggs' petition for writ of habeas corpus (Doc. 1) be **DISMISSED with prejudice** as time-barred pursuant to § 2244(d)(1), and that judgment be entered in favor of Respondent and against Petitioner Travis Dewayne Griggs.  It is further recommended that any requests for a certificate of appealability or for permission to appeal *in forma pauperis* be **DENIED.**

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper

19

objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **31st** day of **January, 2024.**

                                                  **/s/ SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**